UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
BENJAMIN WATERS,                                                  :
                                                                  :
                                    Plaintiff,                    :
                                                                  :                11 Civ. 3267 (JMF)
                        -v-                                       :
                                                                  :                OPINION AND ORDER
OFFICER S. KING, ET AL.,                                          :
                                                                  :
                                    Defendants.                   :
--------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

        Benjamin Waters, detained by the New York City Department of Correction ("DOC") on

Rikers Island, brings this action, *pro se*, against DOC Officers Sophia King and Jane Doe

alleging incidents of verbal and physical abuse that caused him to sustain an injury to his left

foot.  Defendant King moves to dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2), on

the ground that Waters made false statements in his Request to Proceed *In Forma Pauperis*

("IFP").  Specifically, King contends that Waters's complaint should be dismissed with prejudice

because, in filing his IFP application, Waters failed to disclose that he had received $600 in the

settlement of another case approximately three weeks earlier.  Alternatively, King requests that

Waters's IFP status be revoked.

        For the reasons stated below, King's motion to dismiss is GRANTED, albeit without

prejudice to Waters bringing a new suit within 60 days upon prepayment of the filing fee.

Further, Waters is released from any remaining obligations to pay the filing fee for the instant

case.  More specifically, the Clerk of Court is directed not to charge Waters the $350 filing fee

for this action, and the Warden or Superintendent having custody of Waters is ordered not to

deduct or encumber funds from his prison trust account for this lawsuit and to return any funds already collected for this lawsuit.

## BACKGROUND

On April 23, 2011, Waters commenced the instant suit by delivering his complaint and his IFP application to authorities at Rikers Island, where he was (and still is) detained. Question Three on the IFP application asked Waters if he had "received, within the past twelve months, any money from any source" and, if so, the name of "the source and the amount of money" received. (Docket No. 1). In response to that question, Waters wrote: "No, None." (*Id.*). He gave the same answer to Question Four, which asked if he had "any money, including any money in a checking or savings account." (*Id.*). The form included the following acknowledgment: "I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury." (*Id.*). Waters signed the form, declaring "under the penalty of perjury" that it was "true and correct." (*Id.*).

Despite Waters's declaration, the IFP form was not "true and correct." In particular, Waters failed to disclose that, approximately one month before, he had received a check for $600 in connection with the settlement of an earlier, unrelated lawsuit, *Waters v. Rodriguez*, No. 08 Civ. 8788 (AKH) (S.D.N.Y. Feb. 9, 2011). (Richards Decl. Ex. B). The check was dated March 18, 2011. (*Id.*). It was endorsed by Waters, but instead of being deposited into Waters's inmate trust account — which would have been reported to the Court and automatically used to pay the filing fees in this case — it was deposited into a credit union account. (*Id.*). A computerized notation on the back of the check indicates that the credit union cashed the check on March 31,

2

2011 — more than three weeks before Waters submitted his complaint and IFP application. (*Id.*).

As a result of this omission, King moved on December 7, 2011, to dismiss Waters's complaint with prejudice.  (Docket No. 16).  Waters responded in a letter to the Court dated December 16, 2011.  (Docket No. 26).  In his letter — which he referred to as a "sworn affidavit" even though it was not actually made under oath — Waters did not dispute that he had received the $600 payment or that he had failed to include it on his IFP application.  Instead, he claimed that "there was no intentional fraud intend [sic]" because he had received the settlement payment "the same evening that the complaint was mailed earlier that day [sic]."  (*Id.*)  On the basis of that claim, Waters maintained that the complaint should not be dismissed.  "In addition," Waters noted at the end of the letter, "when the attack on the plaintiff happened the very beginning of February 2011, at which time no funds were received or 12 months prior [sic]." (*Id.*).

On May 15, 2012, the Court held a telephone conference.  Notably, when asked for an explanation of his failure to report the $600 payment on the IFP application, Waters did not initially repeat his claim that the payment had been received later on the same day that he had mailed the complaint and IFP application.  Instead, Waters maintained that he had misunderstood Question Three on the IFP application to require disclosure of money received in the 12 months prior to the incident giving rise to the lawsuit — that is, the 12 months prior to February 5, 2011 — rather than the 12 months prior to filing the lawsuit.  (Tr. of May 15, 2012 Conf. at 5, 8).

## DISCUSSION

Under the *in forma pauperis* statute, a prisoner may apply to the Court for authorization to commence a lawsuit without prepayment of filing fees upon a showing that he or she is unable

to pay the fees.  *See* 28 U.S.C. § 1915(a)(2).  The purpose of the statute "is to insure that indigent

persons have equal access to the judicial system."  *Hobbs v. Cnty. of Westchester*, No. 00 Civ.

8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002).  To obtain IFP status, the prisoner

must submit an affidavit that includes a statement of all assets the prisoner possesses.  *See* 28

U.S.C. § 1915(a)(1).  The prisoner must also submit a certified copy of his or her inmate trust

fund account summary (or institutional equivalent) for the six months prior to filing of the

complaint from each facility in which the prisoner is or was confined.  *See id.* § 1915(a)(2).  If

IFP status is granted, the prisoner is still required to pay the filing fee, but he or she is permitted

to pay it in installments from the prison trust account. *See id.* § 1915(b); *see also, e.g.*, *Vann v.*

*N.Y.C. D.O.C.A. Comm'r*, No. 10 Cv. 6777 (PKC), 2011 WL 3501880, at *1 (S.D.N.Y. Aug. 9,

2011); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004).

    Even when a prisoner has paid some or all of the filing fee, Section 1915(e)(2) provides

that "the court shall dismiss the case at any time if the court determines that . . . the allegation of

poverty is untrue."  The core purpose of Section 1915(e)(2)(A) "is not to punish litigants whose

affidavits contain insignificant discrepancies, but to weed out the litigants who falsely understate

their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status

based on their true net worth."  *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990); *accord*

*Vann*, 2011 WL 3501880, at *1.  Thus, "[n]ot every inaccuracy in an affidavit of poverty, no

matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in*

*forma pauperis* eligibility and dismissal of the complaint."  *Camp v. Oliver*, 798 F.2d 434, 438

n.3 (11th Cir. 1986); *accord Vann*, 2011 WL 3501880, at *1 ("A misrepresentation by a plaintiff

as to his or her financial assets is not necessarily fatal to the plaintiff's claims.").  Instead, the

central "question before the Court is not the accuracy of every specific representation made by

4

Plaintiff in support of his application to proceed *in forma pauperis*, but whether Plaintiff's allegation of poverty is untrue." *Hobbs*, 2002 WL 868269, at *2 (citations and internal quotation marks omitted).

At the same time, it is well established that the ability to proceed IFP is a privilege, not a right, and that "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not being abused." *Cuoco*, 328 F. Supp. 2d at 467 (internal quotation marks omitted). Thus, courts have held that dismissal of a complaint is appropriate when a "plaintiff 'misrepresents [his or] her financial arrangements in bad faith to obtain IFP status.'" *Vann*, 2011 WL 3501880, at *1 (alteration in original) (quoting *Cuoco*, 328 F. Supp. 2d at 468). Bad faith includes "conceal[ing] a source of income in order to gain access to a court without prepayment of fees." *Cuoco*, 328 F. Supp. 2d at 468. It also includes the forging of a signature on an affidavit regarding the plaintiff's inmate trust account balance, even if the factual allegations in the affidavit are themselves true. *See Lay v. Justices-Middle District Ct.*, 811 F.2d 285, 285-86 (5th Cir. 1987).[1] As the Fifth Circuit explained in a case involving the latter situation, "[s]uch conduct is directly related to the litigant's privilege to proceed at the expense of the government and the district court has the power to ensure that this privilege is properly granted." *Id.* at 286.

Applying these principles here, the Court concludes that dismissal of Waters's complaint is appropriate. Waters indisputably misrepresented his assets by omitting the $600 settlement check from his IFP application. Further, notwithstanding the relatively small amount of the

---

[1]     *Lay* involved an earlier version of Section 1915, which provided that a court "may dismiss" a complaint for false allegations of poverty. In 1996, the statute was amended to require dismissal in such circumstances. *See, e.g.*, *Cuoco*, 328 F. Supp. 2d at 467.

settlement, the Court finds that Waters did so in a bad faith attempt to conceal the funds in order to gain access to the court without prepayment of the fees. That finding is supported by the fact that Waters received, and endorsed, the check within weeks of his completing and signing the IFP application under penalty of perjury. Given that timing, and the fact that Waters did not deposit the check into his inmate trust account (where it automatically would have been used to pay the filing fee), it is highly improbable that he "innocently overlooked [his] obligation to report those funds." *Cuoco*, 328 F. Supp. 2d at 467.

Equally significant, when confronted with his failure to disclose the check, Waters did not provide a valid excuse. Instead, he claimed that he had received the check later on the same day that he mailed the IFP application to the Court — a claim that is demonstrably false given the bank's notation on the rear of the check indicating that it was cashed on March 31, 2011. He also claimed that he misunderstood the question on the application to require disclosure of money received in the 12 months prior to the incident giving rise to the lawsuit rather than the 12 months prior to filing the lawsuit. But the language of Question Three on the IFP application is clear. Moreover, Waters is no stranger to the IFP process.

In fact, the significance of Waters's misrepresentation is compounded by his extensive litigation experience and familiarity with the IFP system. *See, e.g.*, *Vann*, 2011 WL 3501880, at *2 ("A plaintiff's familiarity with the IFP system may be considered in determining whether the plaintiff has acted in bad faith."); *cf. Cuoco*, 328 F. Supp. 2d at 467-69 (finding that the plaintiff's failure to report income was in bad faith where she had obtained IFP status in 15 previous civil suits). Since 2007, Waters has obtained IFP status for 19 other civil suits filed in this Court. *See Waters v. Officer Patterson #17757, et al.*, No. 07 Civ. 9858 (LTS) (MHD) (S.D.N.Y. Dec. 15, 2008) ($550 settlement); *Waters v. Captain Balwin #807, et al.*, No. 07 Civ.

9859 (LBS) (S.D.N.Y. Aug. 7, 2008) (voluntarily dismissed); *Waters v. Captain Rodriguez #353*, No. 08 Civ. 8788 (AKH) (S.D.N.Y. Feb. 9, 2011) ($600 settlement); *Waters v. Officer Bibilari #7050*, No. 08 Civ. 9309 (PAC) (S.D.N.Y. Apr. 8, 2009) ($200 settlement); *Waters v. Officer Epps #15917, et al.,* No. 09 Civ. 3720 (BSJ) (JCF) (S.D.N.Y. Oct. 15, 2010) ($700 settlement); *Waters v. Officer Luxama #18731*, No. 09 Civ. 4728 (LAK) (DCF) (S.D.N.Y. June 28, 2011) ($400 settlement); *Waters v. Stewart et al.*, No. 09 Civ. 10314 (PAC) (S.D.N.Y. Apr. 12, 2011) (voluntarily dismissed); *Waters v. Officer Davis #10658*, No. 10 Civ. 3341 (RMB) (JCF) (S.D.N.Y. June 28, 2011) ($500 settlement); *Waters v. Officer Mestre #18491*, No. 10 Civ. 4376 (BSJ) (MHD) (S.D.N.Y. Mar. 20, 2012) ($300 settlement); *Waters v. Officer #18363, et al.*, No. 10 Civ. 9208 (ALC) (MHD) (S.D.N.Y. Mar. 19, 2012) ($300 settlement); *Waters v. Officer Orilus 7930*, No. 11 Civ. 2501 (LBS) (HBP) (S.D.N.Y. filed Apr. 5, 2011) (denial of access claim pending); *Waters v. Captain Camacho #1242, et al.*, No. 11 Civ. 3263 (JGK) (S.D.N.Y. filed May 4, 2011) (sexual assault claim pending); *Waters v. Captain Williams #820, et al.*, No. 11 Civ. 5139 (RMB) (S.D.N.Y. filed July 14, 2011) (physical assault claim pending); *Waters v. Officer Mestre #18491*, No. 11 Civ. 6962 (LAP) (S.D.N.Y. Oct. 25, 2011) (dismissed without prejudice); *Waters v. Captain Douglas #378*, No. 12 Civ. 1910 (PKC) (RLE) (S.D.N.Y. filed Mar. 14, 2012) (physical assault claim pending); *Waters v. Officer Jane Doe, et al.*, No. 12 Civ. 1911 (VB) (S.D.N.Y. filed Mar. 14, 2012) (denial of meals claim pending); *Wallace et al. v. Captain Pendix #641*, No. 12 Civ. 1912 (LAP) (S.D.N.Y. filed Mar. 14, 2012) (physical assault claim pending); *Waters v. Captain Counsel #184*, 12 Civ. 1913 (KBF) (S.D.N.Y. filed Mar. 14, 2012) (physical assault claim pending); *Waters v. Captain Barneby #299*, 12 Civ. 1914 (LTS) (KNF) (S.D.N.Y. filed Mar. 14, 2012) (physical assault claim pending).  Notably, Waters signed the IFP applications for three of these other lawsuits between March 31, 2011 (when he cashed

7

the $600 settlement check at issue in this case) and December 7, 2011 (when King moved to dismiss and put Waters on clear notice that his receipt of the settlement check was known to the DOC) — and he failed to disclose the $600 payment in all of them.  *See* Declaration in Support of Request to Proceed *In Forma Pauperis*, *Waters v. Captain Camacho #1242, et al.*, No. 11 Civ. 3263 (May 4, 2011) (Docket No. 1); Declaration in Support of Request to Proceed *In Forma Pauperis*, *Waters v. Captain Williams #820, et al.*, No. 11 Civ. 5139 (July 14, 2011) (Docket No. 1); Declaration in Support of Request to Proceed *In Forma Pauperis*, *Waters v. Officer Mestre #18491*, No. 11 Civ. 6962 (Oct. 3, 2011) (Docket No. 1).[2]

Given the totality of the circumstances in this case — including, but not limited to, Waters's deliberate attempt to conceal funds to qualify for IFP status in the first instance and his blatantly false statements to the Court when confronted with the omission — dismissal under Section 1915(e)(2)(A) is justified.  That is true even though, had Waters truthfully disclosed the $600 settlement, he may well have qualified for IFP status anyway.  In the Court's view, just as Section 1915(e)(2)(A) is "broad enough to permit a district court to dismiss an action for forgery" of a signature on an affidavit of poverty, even if the allegations of poverty themselves are true, it is broad enough to permit a court to dismiss an action for repeated misconduct of the

---

[2]         Two of the three omissions have apparently gone unnoticed, but in *Waters v. Captain Camacho #1242, et al.,* No. 11 Civ. 3263 (JGK) (S.D.N.Y. filed May 4, 2011), defendants moved to dismiss on grounds identical to those asserted in this case.  Waters completed his IFP application in that action just three days after he completed his application here, and both applications were filed with the Court, along with their accompanying complaints, on the same day.  On April 2, 2012, Judge Koeltl denied defendants' motion to dismiss, but revoked Waters's IFP status, directing him to pay the filing fee within 30 days of the order.  *See Waters v. Captain Camacho, et al.,* No. 11 Civ. 3263 (JGK), 2012 WL 1117172, at *1 (S.D.N.Y. Apr. 2, 2011).  In this case, a more severe remedy is warranted given Waters's attempts to deceive the Court and other evidence of bad faith.  By contrast, Judge Koeltl did not find clear evidence of bad faith. *See id.*

8

sort in this case, despite the relatively small size of the concealed payment. *Lay*, 811 F.2d at 286. "Such conduct is directly related to [Waters's] privilege to proceed at the expense of the government," and this Court "has the power to ensure that this privilege is properly granted." *Id.*

Like the Fifth Circuit in *Lay*, however, the Court concludes that dismissal without prejudice is more appropriate than dismissal with prejudice. "Dismissal of a case with prejudice, in the context of Section 1915, is a harsh sanction that should be resorted to only in extreme cases." *Choi v. Chem. Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996); *see also Camp*, 798 F.2d at 438 ("[D]ismissal with prejudice in the context of section 1915 as an extreme sanction to be exercised only in appropriate cases."). Here, given the amount of money involved, dismissal with prejudice would be an unduly harsh sanction and would not serve the ends of justice. Indeed, King herself "does not contend that the plaintiff would not have been eligible to proceed IFP even had the funds been disclosed." *Martin v. City of New York*, No. 11 Civ. 600 (PKC) (RLE), 2012 WL 1392648, at *4 (S.D.N.Y. Apr. 20, 2012); *see also Chandra v. Beth Israel Med. Ctr.*, No. 09 Civ. 6619 (RMB) (GWG), 2010 WL 5600373, at *8 (S.D.N.Y. Dec. 2, 2010) ("Chandra improperly failed to answer the question about his past receipt of money — but it is not clear that he was not IFP-eligible even with the inclusion of this money.").

Accordingly, Waters's complaint is dismissed without prejudice to his filing a new complaint within 60 days upon prepayment of the filing fee. Further, because it would be unjust to require Waters to pay two filing fees (totaling $700) for failure to disclose $600 in income, the Clerk of the Court is directed not to charge Waters the $350 filing fee for this action, and the Warden or Superintendent having custody of Waters is ordered not to deduct or encumber funds from his prison trust account for this lawsuit and to return any funds already collected for this lawsuit.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (Docket No. 16) is
GRANTED.  The complaint is hereby DISMISSED without prejudice to filing a new complaint
within 60 days provided plaintiff prepays the filing fee.  Further, Waters is released from any
remaining obligations to pay the filing fee for the instant case.  The Clerk of Court shall not
charge Plaintiff the $350 filing fee for this action, and the Warden or Superintendent having
custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for
this lawsuit and shall return any funds already collected for this lawsuit.


        SO ORDERED.


Dated:  May 24, 2012
        New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge


A copy of this Opinion and
Order has been mailed to:

Benjamin Waters
2410701081
18-18 Hazen Street
East Elmhurst, NY 11370
A.M.K.C., C-95